United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 04-60071

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARNULFO HERNANDEZ CARDENAS, also known as Arnulfo Hernandez Cardenas,

Defendant - Appellant.

_____

Appeal from the United States District Court
For the Southern District of Mississippi, Jackson
(No. 4:03-CR-29-01-WS)

_____

Before GARZA, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This case involves the legality of a stop and seizure. Appellant Arnulfo Hernandez Cardenas

was stopped by two Mississippi Department of Transportation officers performing random checks

of commercial vehicles pursuant to MISS. CODE. ANN. §§ 63-5-49 and 79-19-49. After noticing that

Cardenas and his passenger appeared nervous, the officers requested and received permission from

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

both men to search the truck. The officers found containers, opened one, and discovered a substance that tested positive for cocaine. Cardenas argues that the stop was illegal, the detention following the stop was illegal, and that Cardenas's consent to the search was not free and voluntary.[1] We reject these arguments and affirm the decision of the district court denying Cardenas's motion to suppress.

The stop was constitutional pursuant to the exception to the Fourth Amendment warrant requirement for the administrative inspection of premises of "closely regulated" businesses announced in *New York v. Burger*, 482 U.S. 691, 702-03 (1987). A warrantless inspection of a pervasively regulated business is valid only if "1) there is a substantial government interest that informs the regulatory scheme pursuant to which the inspection is made; 2) the inspection is necessary to further the regulatory scheme; and 3) the statutory or regulatory scheme provides a constitutionally adequate substitute for a warrant." *United States v. Fort*, 248 F.3d 475, 480 (5th Cir. 2001) (*citing Burger*, 482 U.S. at 702-03). In *Fort*, this Court applied the *Burger* test to the warrantless stop of a commercial trucker by a Texas law enforcement officer, holding that *Burger* applies because commercial trucking is a pervasively regulated industry. *Fort*, 248 F.3d at 480. Hence, the three-pronged *Burger* test applies to this case as well, and we hold that the test is satisfied.

The subsequent search was justified as Cardenas was being properly detained for a limited time pursuant to the administrative search, the request for consent to search took place while the officers were conducting the administrative search, and Cardenas gave free and voluntary consent to the search. *United States v. Tompkins*, 130 F.3d 117, 121 (5th Cir. 1997) ("A search conducted

---

[1] Cardenas also argues that the cocaine should not be admitted under the good faith exception. Because we hold that it is admissible on other grounds, we do not reach this issue.

2

pursuant to consent is one of the well settled exceptions to the Fourth Amendment's warrant requirement.").

It was not clear error for the district court to find that the officers' detention of Cardenas for a limited time after the initial stop was not unreasonable. The record does not bear out Cardenas's assertion that the officers had completed their administrative investigation before asking Cardenas for consent to search. It was constitutional for the officers to request consent to search during this limited detention. During a valid traffic stop, "an officer can request a driver's license, insurance papers, vehicle registration, run a computer check thereon, and issue a citation." *United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir. 1993). The officers detained Cardenas subsequent to the stop while they performed their administrative investigation, and because the request for consent to search "did nothing to extend the duration of the initial, valid seizure," it was constitutional. *Id.*

We likewise uphold the district court's finding that Cardenas gave consent for the officers to search the truck. An appellate court "'will not reverse the district court's finding that consent was voluntary unless it is clearly erroneous.'" *United States v. Dortch*, 199 F.3d 193, 201 (5th Cir. 1999) (quoting *Shabazz*, 993 F.2d at 438). "'Where [as in this case] the judge bases a finding of consent on the oral testimony at a suppression hearing, the clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses.'" *Id.* (quoting *Shabazz*, 993 F.2d at 438). As the government argues, the record does not support a finding that Cardenas did not consent, and this Court will not disturb the district court's ruling.

We agree with the district court that Cardenas voluntarily and freely, without coercion, consented to the search of his vehicle. Accordingly, the district court's order denying Cardenas's motion to suppress is AFFIRMED.